UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDWARD MANFREDONIA,

                        Plaintiff,                **MEMORANDUM and ORDER**

        — against —                                   08-CV-1552 (SLT)(LB)

YAHOO! INC.,

                        Defendant.
----------------------------------------------------------X

**TOWNES, United States District Judge:**

       On April 14, 2008, plaintiff, Edward Manfredonia, commenced this *pro se* action against defendant Yahoo! Inc. ("Yahoo"). By Memorandum and Order, dated June 17, 2008, this Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint for lack of jurisdiction, and granted plaintiff leave to file an amended complaint within 30 days. On June 30, 2008, plaintiff filed an amended complaint. However, for the reasons set forth below, the amended complaint also fails to demonstrate that this Court has subject-matter jurisdiction, and, therefore, this action is dismissed.

## *DISCUSSION*

       In the amended complaint, plaintiff alleges that this Court has diversity jurisdiction because he is a citizen of New York and that Yahoo is incorporated in Delaware and is headquartered in California. Plaintiff seeks nearly identical relief in the amended complaint as he sought in the initial complaint, except that he now seeks $3 million in compensatory damages and $12 million in punitive damages. Plaintiff alleges that "[t]his is a lawsuit charging defamation; tortious interference with prospective business; and, religious and ethnic bias." Am. Compl., p. 2. Also, plaintiff includes numerous exhibits, most of which were already submitted to the Court. *See* Compl., Exhs. 1-8.

The amended complaint, however, fails to comply with this Court's previous Memorandum and Order, wherein plaintiff was specifically directed to provide a sufficient basis for diversity jurisdiction if he elected to file an amended complaint. Although plaintiff has lowered the amount he seeks in damages from $60 million (*i.e.*, $10 million in compensatory damages and $50 million in punitive damages) to $15 million (*i.e.*, $3 million in compensatory damages and $12 million in punitive damages), he does not provide a sufficient basis for seeking these amounts, except to allege that he was prevented from obtaining a job as an investigative reporter. *See* Am. Compl., pp. 15, 44.

Rather than address this Court's directive regarding diversity jurisdiction, the bulk of the amended complaint consists of plaintiff's disputes with various individuals, including Gary Weiss, Sam E. Antar, and Howard Sirota, who allegedly have posted defamatory comments against plaintiff on Yahoo's internet message boards. Plaintiff does not allege that defendant made any defamatory statements, but rather that it allowed others to use its message boards to do so and unlawfully removed him from posting on its message boards. Plaintiff does not allege that defendant Yahoo interfered with a business opportunity, but rather that the postings made by others on the message boards somehow prevented him from obtaining an investigative reporter position. Even when liberally construing plaintiff's allegations, the amended complaint fails to provide an adequate basis for this Court's jurisdiction because there is no reasonable possibility that plaintiff can recover the sought amounts against Yahoo. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (noting that the plaintiff has the "burden of proving that it appears to a 'reasonable probability' that [his] claim is in excess of the statutory jurisdictional amount.") (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). Accordingly, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## *CONCLUSION*

For the reasons set forth above, plaintiff's action is dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). *See* 28 U.S.C. § 1915(e)(2)(B). Having provided plaintiff with an opportunity to replead, *see Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000), plaintiff's amended complaint fails to demonstrate that this Court has jurisdiction so the Clerk of Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge